UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY JAMES MORRIS,

      Petitioner,

v.                                                                               Case No.  8:10-cv-972-T-24 TBM
                                                                                        8:08-cr-289-T-24 TBM

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

This cause is before the Court upon Petitioner Jerry James Morris's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Civ. Doc. No. 1; Cr. Doc. No. 28).  The Government filed a motion to dismiss Petitioner's section 2255 motion as untimely.  (Civ. Doc. No. 7).  Petitioner filed a response to the motion to dismiss.  (Civ. Doc. No. 8).

**I.**      **Background**

Petitioner was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(e) (Count I). (Cr. Doc. No. 1). He pled guilty pursuant to a plea agreement in which he waived his right to appeal on November 21, 2008.  (Cr. Doc. No. 22).  On February 19, 2009, this Court sentenced Petitioner to 180 months imprisonment. (Cr. Doc. No. 26 & 27).  He was sentenced as an armed career criminal pursuant to U.S.S.G. §4B1.4. Petitioner did not file a direct appeal.  On April 22, 2010, Petitioner filed the instant section 2255 motion.

**II.     Discussion**

Petitioner moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that he is actually innocent of being an armed career criminal. (Civ. Doc. No. 1 at 4). For the reasons stated, Petitioner's motion is untimely and lacks merit, and therefore must be denied.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

> (1)   the date on which the judgment of conviction becomes final;
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)). In this case, the Court entered Petitioner's judgment of conviction on February 19, 2009, and because Petitioner did not file a direct appeal of that judgment, it became final on March 5, 2009. *See* Fed. R. App. P. 4(b)(1). Accordingly, Petitioner's deadline to file his section 2255 motion was March 5, 2010. 28 U.S.C. § 2255(f)(1).

The Government moves to dismiss Petitioner's section 2255 motion, arguing that it is untimely as Petitioner filed his motion on April 22, 2010, after the one year period of limitation

had expired.[1] (Civ. Doc. No. 7 at 3). Petitioner contends that a substantive change in the law occurred with the Supreme Court's March 2, 2010 decision in *Johnson v. United States*, __ U.S.__, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010), and therefore, his motion is timely under 28 U.S.C. § 2255(f)(3). In *Johnson*, the Supreme Court held that a defendant's prior conviction for felony battery under Florida law was not a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Petitioner contends that the one year period of limitation runs from March 2, 2010, the date the Supreme Court decided *Johnson*.

In the instant case, Petitioner was sentenced as an armed career criminal pursuant 18 U.S.C. § 924(e) based on his prior Florida state convictions for sale of cocaine, felony battery, and aggravated battery. *See* U.S.S.G. § 4B1.4(a) ("A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal."). Petitioner contends that, according to *Johnson*, his prior convictions for felony battery and aggravated battery no longer qualify as predicate offenses for purposes of his status as an armed career criminal. The decision of the Supreme Court in *Johnson*, however, has not been applied retroactively to post-conviction relief motions, and therefore provides no relief for Petitioner.[2]

---

[1]The Court notes that while Petitioner's section 2255 motion was filed on April 22, 2010, Petitioner actually signed the motion on April 12, 2010. This discrepancy does not change the Court's analysis of the motion.

[2]On June 21, 2010, in *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), the Eleventh Circuit issued an opinion that the petitioner was actually innocent of being a career offender and thus was entitled to habeas relief pursuant to the 28 U.S.C. § 2255 savings clause. To reach this conclusion, the court found that *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 1583, 170 L. Ed. 2d 490 (2008) (holding that the crime of driving under the influence of alcohol is not a violent felony) and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008) (holding that the crime of carrying a concealed firearm is not a "crime of violence" for purposes of the career offender enhancement) are retroactive. That opinion, however, was vacated when the Eleventh Circuit decided to rehear the case *en banc*. *Gilbert v. United States*, 2010 U.S.

**III.     Conclusion**

The Court hereby grants the Government's motion to dismiss Petitioner's section 2255 motion as untimely.

Accordingly, it is ORDERED AND ADJUDGED that the Government's motion to dismiss Petitioner's section 2255 motion as untimely (Civ. Doc. No. 7) is GRANTED.  The Clerk is directed to close civil case 10-cv-972-T-24TBM and terminate any pending motions.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of March, 2011.


**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial or dismissal of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4

---

App. LEXIS 233357, at *1-2 (11th Cir. Nov. 3, 2010).  Therefore, *Gilbert* is not currently the law of this Circuit and cannot form the basis for the relief requested.  If the rehearing *en banc* in the *Gilbert* case results in an opinion that affords relief to Petitioner, then Petitioner may file a motion based on that *en banc* opinion.

(1983)).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of March, 2011.

Copies to:
Counsel of Record
Pro Se Petitioner

SUSAN C. BUCKLEW
United States District Judge